IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronnie A. Downey, et al.

   Plaintiffs,            Case No. 3:09CV263

 v.

Reich Installation Services, Inc., et al.      ORDER

   Defendants.

  This lawsuit arises from an injury suffered by plaintiff Ronnie Downey while working for his employer, defendant Reich Installation Services, Inc. [Reich]. Downey filed this suit against Reich, which manufactured the vehicle involved, and four unnamed defendants.

  Downey alleges intentional and negligent tort claims against the defendants. Reich argues that it is entitled to judgment on the pleadings due to the lack of factual basis in the complaint.

  Jurisdiction is proper under 28 U.S.C. § 1332.

  Pending is defendant's motion for judgment on the pleadings under Fed. R. Civ. P. Rule 12(c). [Doc. 7]. For the following reasons, defendant's motion for judgment on the pleadings is granted.

**Background**

1

On December 29, 2006, the forks of a "forklift and/or powered industrial truck" owned by Reich crushed plaintiff's fingers on both of his hands. [Doc. 1, Exh. A].

On December 24, 2008, Downey filed suit in the Court of Common Pleas for Allen County, Ohio, against Reich, the manufacturer of the vehicle involved in the incident, and four unnamed defendants.

## Standard of Review

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings close, but within such time as not to delay trial. The same standard of review applies to both Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss. *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006) (discussing the standard for Rule 12(c) motions). Only the timing of the motions differs.

When deciding a motion brought pursuant to Rule 12(b)(6), I limit my inquiry to the content of the complaint, although I may also consider matters of public record, orders, items appearing in the record, and attached exhibits. *See Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D. Ohio 1996) (discussing the standard for Rule 12(b)(6) motions). A court must dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which a court can grant relief if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I must accept all well-pleaded material allegations stated in the complaint as true and view the complaint in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). I am "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 286.

**Discussion**

**1. Intentional Torts Against Employees**

**A. The Applicable Pleading Standard**

Before determining the sufficiency of the complaint, I must first determine which pleading standard applies in this case. The parties address two different pleading standards in their briefs: the state fact-based standard and the federal notice-based standard. Downey asserts that his complaint suffices under either standard, and Reich asserts that the complaint fails to meet both standards.

In diversity cases before a federal court, the *Erie* doctrine requires the use of state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (discussing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Federal procedural law, however, is not wholly isolated from state substantive law; federal procedural law "must be read in conjunction with state substantive law." *In re General Motors Class E Stock Buyout Sec. Litig.*, 790 F. Supp. 77, 80 (D. Del. 1992); *see also Simmons v. American Airlines*, 2002 WL 102604, at *2 (N.D. Cal.) ("[T]he court must refer to state substantive law to determine the elements that must be pleaded, while applying federal pleading standards.").

Courts in the Sixth Circuit have not explicitly distinguished substantive law and procedural pleading standards in the context of Ohio intentional tort claims. *See Mizway v. R.M. Clark Co.*, 183 F.Supp.2d 1003, 1004 (N.D. Ohio 2002); *Caldwell v. Chrysler Corp.*, 1997 WL 357820, at *2 (6th Cir.). Citing only Ohio case law, *Mizway* does not reference the federal pleading standard. 183 F. Supp. 2d at 1003-05. The Sixth Circuit's opinion in *Caldwell* hints at dual application of federal procedural law and state substantive law, but primarily discusses state substantive law. *Caldwell*, *supra*, 1997 WL 357820 at *2. Although the district court in *Caldwell* mentions the federal pleading

3

standard at the beginning of the opinion, it discusses and applies Ohio law. *Caldwell v. Chrysler Corp.*, No. 3:95 CV 7617, at 2-7 (N.D. Ohio May 28, 1996).

A complaint filed in a federal diversity case must allege enough facts on its face to be plausible under the state substantive requirements for the alleged cause of action. *See Twombly*, *supra*, 550 U.S. at 570; *General Motors*, *supra*, 790 F. Supp. at 80. An examination of the state substantive law at this stage, therefore, is necessary.

### B. Ohio Law

Plaintiffs in Ohio face judicial and legislative hurdles when bringing intentional tort claims against their employers. The Supreme Court of Ohio emphasized the need to plead facts that demonstrate the employer "(1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 190 (1988). The Ohio General Assembly has set forth specific elements for intentional torts against an employer. The elements are:

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
>
> (C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

O.R.C. § 2745.01 (excluding subsection D because the exceptions do not apply to this case).[1]

Reading the state substantive law with the federal pleading standard, Downey must plead enough facts to make his intentional tort against Reich plausible. *See Twombly*, *supra*, 550 U.S. at 570; *General Motors*, *supra*, 790 F. Supp. at 80. Downey has failed to meet the standard.

Plaintiff alleges virtually no facts in the complaint. Aside from stating that the forks of a "forklift and/or powered industrial truck" crushed Downey's fingers, the complaint simply reformulates the required elements of the claim in a conclusory manner. [Doc. 1, Exh. A]. For example, Downey alleges, "Defendant Reich . . . [k]nowingly required Plaintiff . . . to operate the subject forklift and/or powered industrial truck without proper safety equipment in violation of government and/or industry safety regulation and standards." The complaint lacks factual information relating to the equipment, the circumstances surrounding the incident and the employer's role in the incident.

Downey's complaint, therefore, fails to state a plausible claim, and Reich is entitled to judgment on the pleadings.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT

---

[1] The seventh, eighth, and eleventh Ohio District Appellate Courts have ruled the statute unconstitutional. *Fleming v. AAS Serv., Inc.*, 177 Ohio App. 3d 778 (Ohio Ct. App. 2008); *Barry v. A.E. Steel Erectors, Inc.*, 2008 WL 2835245 (Ohio Ct. App.); *Kaminski v. Metal & Wire Prods. Co.*, 175 Ohio App. 3d 227 (Ohio Ct. App. 2008). *Kaminski* is currently pending before the Supreme Court of Ohio. *Kiminski* (sic) *v. Metal & Wire Products Co.*, No. 2008-0857 (Ohio 2008).

5

Defendant's motion for judgment on the pleadings [Doc. 7] be, and the same hereby is granted.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge
