IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronnie A. Downey,                      Case No. 3:09CV263

    Plaintiff,

v.                                              ORDER

Reich Installation Services, Inc.

    Defendant

This is an employer intentional tort case by an injured employee against his employer. Plaintiff, Ronnie A. Downey asserts that the employer, defendant Reich Installation Services, Inc. (Reich) is liable for an injury he suffered while on a forklift. Downey also alleges a products liability claim against the manufacturer of the forklift, defendant Mitsubishi Caterpillar Forklift America (Caterpillar).

In an earlier decision, *Downey v. Reich Installation Services, Inc.*, 2009 WL 1416046 (N.D. Ohio), I granted Reich's motion for judgment on the pleadings. I held that plaintiff's complaint failed to meet Ohio's pleading standard, as prescribed in *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 190 (1988), for employer intentional torts.

1

Pending is Downey's motion to reconsider (Doc. 24). Downey alleges that the heightened pleading standard on which I relied in my original decision is a procedural, not a substantive requirement and is inapplicable in this diversity action.

Also pending is defendant Caterpillar's motion for judgment on the pleadings (Doc. 21), alleging that plaintiff's complaint is too conclusory to meet federal pleading requirements. Downey argues that his complaint is sufficient. Jurisdiction is proper under 28 U.S.C. § 1332.

For the reasons that follow, plaintiff's motion to reconsider is overruled and defendant Caterpillar's motion for judgment on the pleadings is granted.

## Standard of Review

### 1. Motion to Reconsider

Reconsideration is only appropriate: "1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of America*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). Where, however, "something material was overlooked or disregarded ... [which] point[s] to substantial error of fact or law" reconsideration may be warranted. *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 853 (N.D.Ohio 2002) (citations omitted).

A motion to reconsider, under Fed.R.Civ.P. 59(e), is an inappropriate means to advance new arguments or supporting facts that were available when the parties originally briefed the issue. *Id.* at 852 - 53. Parties cannot raise arguments which they could and should have made before the court issued judgment. *Id.*

### 2. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings close, but within such time as not to delay trial. The same standard of review applies to both Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss. *Ross, Brovins, Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Only the timing of the motions differs.

When deciding a motion brought pursuant to Rule 12(b)(6), I limit my inquiry to the content of the complaint, although I may consider matters of public record, orders, items appearing in the record and attached exhibits. *See Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D. Ohio 1996). A court must dismiss a complaint under Rule 12(b)(6) for failure to state a claim on which a court can grant relief if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

I must accept all well-pleaded material allegations as stated in the complaint as true and view the complaint in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). I am "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 286.

**Discussion**

**1. Pleading Employer Intentional Torts in Ohio**

Contrary to Downey's argument, it is well-established that the Ohio Supreme Court requires plaintiffs to conform to a "heightened pleading requirement," when pleading an employer intentional tort. *Mitchell, supra; see also Brown v. FirstEnergy Corp.*, 159 Ohio App. 3d 696 (2005); *Hogue v. Navistar Int'l Truck & Engine*, 2007 WL 2685151, *2 (Ohio Ct. App.). *Grubbs v. Emery Air Freight Corp.*, 1999 WL 1206680 (Ohio Ct. App.).

In *Mitchell*, the Ohio Supreme Court articulated this standard, holding that a plaintiff must plead enough facts to show that his employer "(1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded." 40 Ohio St.3d at 193. Although Ohio courts have continuously addressed the complexities of employer intentional torts, the *Mitchell* test is consistently cited as the controlling basic pleading standard.

Downey suggests that I misread the law and incorrectly applied the *Mitchell* test in my earlier decision granting Reich's motion for judgment on the pleadings. Downey contends that the appropriate standard for testing the sufficiency of his complaint is that articulated by the Ohio Supreme Court in *Fyffe v. Jeno's Inc.*, 59 Ohio St. 3d 115 (1991), as well as O.R.C. § 2745.01. In *Fyffe*, however, the Court did not articulate a new standard for judging the sufficiency of the complaint. *Id.* at 118. *Fyffe* merely acted to clarify the applicable standard for summary judgment set forth in previous cases. *Id.* The Court's decision in *Fyffe*, therefore, is not inconsistent with the *Mitchell* test.

To survive a motion for judgment on the pleadings, plaintiff's complaint must meet the standard set forth in *Mitchell*. If Downey's complaint had been sufficient to move past the pleading stage, *Fyffe* may have been applicable. Since, however, Downey cannot even satisfy the basic pleading requirement, his claim must be dismissed.

As indicated in my earlier decision, Downey's complaint merely makes conclusory assertions about the employer without any supportive factual information. Downey has alleged no facts specifically regarding the condition of the equipment, the employer's duty to control and maintain the equipment or any other circumstances surrounding the incident.

Downey, however, contends that his complaint satisfies the Ohio pleading standard for an employer intentional tort because he alleged a violation of safety standards and the removal of a safety guard. In *Mizway v. Clark Co.*, 183 F. Supp.2d 1003, 1004 (N.D. Ohio 2002), I held that facts showing the "deliberate removal of a safety device intended to avoid injury" satisfied the heightened pleading standard. Downey's complaint, however, is distinguishable from the plaintiff's complaint in *Mizway*. In his complaint, Downey did not allege any *facts* that the employer actually violated the regulations or removed a safety device. He assumes, based on his own "good faith belief" that his incident could not have occurred without these violations, yet, other than the fact that his injury occurred, he has no factual basis for his conclusion,. [Doc. 24].

Downey's motion to reconsider does not allege any new facts and he has not filed an amended complaint to satisfy the pleading standard. Under the Ohio heightened pleading standard Downey's subjective, opinion-based assertions cannot suffice; therefore, my decision granting defendant's motion for judgment on the pleadings stands and plaintiff's motion to reconsider is denied.

## 2. The *Erie* Doctrine

### A. General Rule

The general rule under *Erie* requires federal courts to apply state substantive law and federal procedural law in diversity cases. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (discussing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The procedural-substantive distinction from *Erie* and its progeny, however, is not as clearly defined as Downey contends. Following its decision in *Erie*, the Court explained that the decision "was not an endeavor to formulate scientific legal terminology." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945).

5

A series of cases after *Erie* refined the standard and allowed for specific, case-based results. *See id.* (stating that the "outcome of the litigation in the federal court should be substantially the same . . . as it would be if tried in state court."); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525 (1958) ("cases following *Erie* have evinced a broader policy to the effect that federal courts should conform as near as may be-in the absence of other considerations- to state rules even of form and mode where the state rules may bear substantially on the question whether the litigation would come out one way in the federal court and another way in the state court if the federal court failed to apply the local rule"); *Hanna v. Plumer*, 380 U.S. 460 (1965) (*Guaranty Trust* "'outcome-determination' test . . . cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.").[1]

### B. Ohio Interpretation

As stated in my original decision, Ohio federal courts have not explicitly distinguished substantive law and procedural pleading standards in the context of Ohio intentional tort claims. *See Downey, supra,* 2009 WL 1416046 at *2 (N.D. Ohio) (discussing how Ohio federal courts have treated the employer intentional torts pleading standard). In these cases, however, even without specifically addressing the *Erie* analysis, federal courts have consistently applied the Ohio heightened pleading standard in diversity actions.

The Ohio heightened pleading standard for employer intentional torts is substantive law. Although the pleading process is technically procedural, the Ohio Supreme Court has stated that the

---

[1]The Court in *Hanna* also held that when a Federal Rule of Civil Procedure directly contradicts a state law or procedure, the federal rule controls. This holding is not relevant to the present case, however, because it is not clear that Rule 8(a), the federal pleading standard, specifically conflicts with the Ohio heightened pleading standard.

purpose behind its heightened pleading standard involves substantive matters of law and state policy. The Court cited "the need to deter the number of baseless claims against employers, the importance of preventing every workplace injury from being converted into an intentional tort claim, and the goal of facilitating the efficient administration of justice" as the reason for requiring a plaintiff bringing an employer intentional tort claim to "allege certain facts with particularity." *Byrd v. Faber*, 57 Ohio St. 3d 56, 60 (1991); s*ee also Grubbs*, *supra,* 1999 WL 1206680 at *2.

The heightened pleading standard functions much in the same way as other "procedural" rules that have been held to be substantive in nature, such as state statute of limitations. In *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), the Supreme Court held that a state statute governing service of process for purposes of tolling the statute of limitations was applicable in diversity actions in federal court. It stated that "[the state] statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. A requirement of actual service promotes both of those functions of the statute." *Id.* at 751.

In *Walker*, the Court established that the state policy reasons behind a seemingly procedural restriction required the state standard to be applicable in federal court. Here, the Ohio Supreme Court's reasons for the employer intentional torts heightened pleading standard are nearly analogous to those described in *Walker*. The Supreme Court has concluded that

> [t]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it.

*Id.* at 753.

Here, if federal courts allowed plaintiffs in employer intentional tort actions to plead under a more relaxed federal pleading standard, plaintiffs would have an extreme advantage when filing in federal court. Most likely, this pleading distinction would lead to forum-shopping by plaintiffs and inequitable application of the laws. Failing to follow the heightened pleading requirement in this particular case would circumvent and undermine the policies underlying Ohio's heightened pleading standard, invite less meritorious cases into federal court, foster inconsistent results, and lead to confusion and uncertainty.

## Conclusion

For the foregoing reasons, it is:

ORDERED THAT

Plaintiff's motion for reconsideration [Doc. 24] be, and the same hereby is denied, and defendant's motion for judgment on the pleadings [Doc. 21] be, and the same hereby is granted.

So ordered.

S/James G. Carr
James G. Carr
Chief Judge
